**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 9:11-CR-4(1) |
| | § | |
| JEFFREY JONES | § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Jeffrey Jones's ("Jones") *Pro Se* Request for Early Termination of Federal Supervision (#23), wherein Jones seeks early termination of his three-year term of supervised release. Jones's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas prepared a report for the court's consideration. Although Jones's Probation Officer in the Southern District of Texas is unopposed to his request for early termination of his supervised release, his Supervising Probation Officer in the Eastern District of Texas is opposed to his request for early termination. The Government is also opposed. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Jones's motion should be denied.

I.    Background

On January 12, 2011, a federal grand jury in the Eastern District of Texas, Lufkin Division, returned a three-count Indictment against Jones, charging him in Count One, Two, and Three with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(b)(1). Jones pleaded guilty to the offense charged in Count Two of the Indictment on April 15, 2011, pursuant to a non-binding plea agreement. On August 29, 2011, the court sentenced Jones to a term of 188 months' imprisonment, to be served consecutively to his term of imprisonment in Docket No. 9:02cr12(1), United States District Court, Eastern District of Texas,

Lufkin Division, followed by a three-year term of supervised release. On January 17, 2024, Jones completed his term of imprisonment and began serving his term of supervised release in the Southern District of Texas, which is projected to expire on January 16, 2027.

In his motion, Jones, age 51, asks the court to terminate his supervision at this time, having served about 21 months of his three-year term of supervised release. He maintains that he has complied fully with all conditions of his supervision and has remained law-abiding. He further asserts that he has demonstrated compliance and rehabilitation since his release and has made significant progress in rebuilding his life and becoming a contributing member of his community. Jones elaborates that he has obtained a valid driver's license, completed HVAC training and earned his certification from Tulsa Welding School, acquired a TWIC card to expand his employment opportunities, secured and maintained steady employment with EBlock Car Auction in Houston, and has maintained sobriety, with all urine analysis test returning clean results. He concludes, "With only 16 months remaining on my supervision term, I believe that I have demonstrated a consistent commitment to positive change, stable employment, and responsible citizenship."

II.    <u>Analysis</u>

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct

---

[1] These factors include: the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing

of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52.

---

Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying

restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen

circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that early termination is generally warranted "only in cases where the defendant shows changed circumstances, such as exceptionally good behavior" (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013)); *Smith*, 2014 WL 68796, at *1.

According to Jones's Presentence Report ("PSR"), prepared on August 29, 2011, his offense of conviction entails his possession with the intent to distribute cocaine base. On August 6, 2010, officers with the Polk County Sheriff's Office utilized a confidential informant ("CI") to purchase cocaine base from Jones. Specifically, the CI purchased 1.26 grams of cocaine base for $100 from him within 1,000 feet of a school. On August 12, 2010, the defendant sold a CI 1.84 grams of cocaine base within 1,000 feet of a school. Officers obtained an arrest warrant for Jones on October 20, 2010, and proceeded to the residence of Sharonda Cooper ("Cooper") with whom Jones had been living. When neither of the residents would open the door, forced entry was made, after which both Jones and Cooper were located and secured. Officers found powder cocaine, crack cocaine, digital scales, a glass beaker with a white substance, a marijuana pipe, marijuana, a Raven Arms .25 caliber pistol, approximately $8,000 in currency, baking soda boxes, spoons with white and tan substances, a small whisk with a white substance, baggies with cocaine residue, and medication prescribed to Jones.

The pistol was located in the master bedroom with a round in the chamber, along with $7,700 in cash. The bulk of the drugs was located in the attic through a return air vent in a hallway. Both subjects initially denied knowledge of the items and blamed each other, but Jones finally confessed to ownership of most of the items. He never claimed ownership of the pistol or

the money. Jones admitted that he had been purchasing cocaine from someone in Houston and he converted the cocaine into crack. He stated that Cooper would occasionally ride with him to Houston to purchase the cocaine, but otherwise, she was not involved in cooking or selling the drug. Cooper eventually admitted she was aware of the items in the residence and of Jones's drug activity. A laboratory report indicated that the cocaine base seized from the residence weighed a total of 41.17 grams and the cocaine HCl weighed a total of 134.9 grams. Jones was held responsible for 44.27 grams of cocaine base and 134.9 grams of cocaine HCl.

Jones's PSR reveals that he has a significant criminal history which includes prior convictions for aggravated assault with a deadly weapon, delivery of a controlled substance (cocaine base), and possession with intent to distribute cocaine base. Jones failed to comply with two state terms of probation as well as a federal term of supervised release, which were all revoked. He was on supervised release at the time he committed his offense of conviction. Jones also has a long history of poly-substance abuse starting at age 14 or 15, which includes the use of alcohol, marijuana (daily), codeine (daily), cocaine, cocaine base, ecstasy, and Xanax.

In this situation, the court finds that Jones's post-release conduct does not warrant early termination of his supervised release. Although Jones appears to have complied with his conditions of release to date, he identifies no new or exceptional circumstances or needs that would merit early release from supervision. He fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, or otherwise impact his daily life in a significant manner. Jones also does not clarify how being on supervised release keeps him from furthering his career, achieving additional goals, assisting his family, or engaging in sports, religious, or volunteer activities. Under the circumstances, the

court finds the current conditions of Jones's supervised release are not onerous and remain appropriate in view of his offense of conviction involving his possession with intent to distribute a substantial quantity of cocaine base, his converting powder cocaine to cocaine base for distribution purposes, his prior federal drug offense and his two prior state offenses (aggravated assault with a deadly weapon and delivery of a controlled substance), his failure to comply with previous terms of probation and supervised release, and his long history of poly-substance abuse.

At this time, Jones has served more than half his three-year term of supervised release. While Jones's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for success in reentry in view of his prior commission of crimes of violence and crimes involving the possession and distribution of drugs.  Requiring Jones to complete his entire, three-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a minimal burden on Jones.  Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release.  Jones does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions of release imposed by the court.  Thus, although Jones appears to be on the right path, the court believes that the completion of his full term of supervised release appropriately reflects the seriousness of his offense of conviction, deters future criminal conduct, and provides needed structure for his continued rehabilitation.  *See Lynn*, 2022 WL 2446328, at *4.  The court, likewise, is of the opinion that his current sentence, including the three-year term of supervised

release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at \*3 (W.D.N.Y. Oct. 4, 2021).

According to the U.S. Probation Office for the Eastern District of Texas, there are several disqualifiers under its policies and procedures that would prevent the office from making a recommendation to the court in favor of early termination. Probation states:

> The *first disqualifier* is that Mr. Jones was in possession of a firearm when he was arrested for his instant offense. The *second disqualifier* is Mr. Jones has a history of violent behavior evidenced through his conviction on October 7, 1997, for Aggravated Assault with a Deadly Weapon in Polk County, Texas. The *third disqualifier* is the fact that Mr. Jones is a career offender.

The court concurs with the Probation Office's assessment of the situation and finds that the early termination of Jones's three-year term of supervised release would not be in the interest of justice.

III.    Conclusion

In accordance with the foregoing, Jones's *Pro Se* Request for Early Termination of Federal Supervision (#23) is DENIED.

SIGNED at Beaumont, Texas, this 21st day of October, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

9